IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 11-cr-30124-DWD |
| | ) |
| HAROLD L. GARDNER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On November 1, 2013, Defendant Harold L. Gardner pled guilty to one count of distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Doc. 58). Gardner qualified as a career offender (Doc. 41), and on November 1, 2013, was sentenced to a term of imprisonment of 188 months, to be followed by a 6-year term of supervised release (Doc. 58). Gardner's projected release date is June 26, 2027 (Doc. 67-1). Now before the Court is Defendant's motion for compassionate release (Doc. 61)[1]. Gardner seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), asking this Court to reduce his sentence to time served (Doc. 61). The Government filed a response on February 9, 2021 (Doc. 67). For the following reasons, the motion will be denied.

### The First Step Act

The First Step Act expanded the existing compassionate release provisions of federal law by opening the door for a defendant to move for compassionate release

---

[1] Defendant incorrectly titled his motion as a Supplemental Motion for Compassionate Release (Doc. 61), however, this motion is the first compassionate release Defendant has filed in this matter.

1

directly.  First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(2)(A)); *United States v. Sanford*, 986 F.3d 779, 781 (7th Cir. 2021).  The relevant portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>> (i) extraordinary and compelling reasons warrant such a reduction…
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission….

18 U.S.C. § 3582(c)(1)(A).  This section establishes a default rule that the district court "may not modify a term of imprisonment once it has been imposed," with a few limited exceptions.  *Sanford*, 986 F.3d at 781.

Here, Gardner invokes the "so-called 'compassionate release' provision, which authorizes a sentence reduction if the Court finds that 'extraordinary and compelling reasons warrant such a reduction.'" *Id.*  Even then, however, the Court must still "consider[] the factors set forth in section 3553(a) to the extent that they are applicable"

2

*Id.* In considering the relevant factors[2], the Court "need not address every factor 'in checklist fashion, explicitly articulating its conclusions regarding each one.'" *United States v. Kappes*, 782 F.3d 828, 845 (7th Cir. 2015) (quoting *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008)). Rather, it is enough to "simply give an adequate statement of reasons, consistent with § 3553(a), for thinking" that a sentence modification is—or is not—appropriate. *Shannon*, 518 F.3d at 496; *see also United States v. Marion*, 590 F.3d 475, 477 (7th Cir. 2009) (Even at a full sentencing, a "district court need not provide a detailed, written explanation analyzing every § 3553(a) factor.").

The statute also provides that defendant may file a motion for compassionate release after the earlier of two events: (1) "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The Seventh Circuit has held that failure to satisfy the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A) is an affirmative defense that must be raised by the Government or else it is waived. *See United States v. Sanford*, 986 F.3d at 781; *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). Here, Gardner submitted a request for compassionate release to the Warden of FCI-Greenville on or about October 28, 2020 (Doc. 67-2). The warden denied his request on November 3, 2020 (Doc. 65). Gardner filed

---

[2] Those factors include, in pertinent part: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most efficient manner. 18 U.S.C. § 3553(a).

his motion for compassionate release on December 23, 2020 (Doc. 61). The Government does not challenge Gardner's exhaustion efforts and concedes that Garner brought his motion after the lapse of 30 days from Gardner's receipt of the warden's denial (*See* Doc. 61, p. 8).

## Discussion

Defendant bears the burden of showing that he is entitled to relief under the First Step Act. *United States v. Copple*, No. 17-CR-40011-JPG-9, 2021 WL 979306, at *2 (S.D. Ill. Mar. 16, 2021) (citing *Untied States v. Jones*, 836 F.3d 899) (8th Cir. 2016) and *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014)). Gardner argues that extraordinary and compelling reasons exist for his release due to the Covid-19 pandemic, and that his underlying medical conditions and risk factors increase his susceptibility to complications from Covid-19 (Doc. 61). Gardner asserts that he is a 48-year old African American male, suffering from diabetes, high blood pressure, high cholesterol, asthma, and obesity (Doc. 61, pp. 1, 3-4). Gardner also argues that he has served half of his sentence, has had no incident reports, has maintained employment for 6 years, and has a positive support system with his family (Doc. 61, pp. 1, 4-5).

The Government opposes Gardner's motion, arguing that Covid-19 transmission risks have dramatically decreased at FCI-Greenville, and that that Gardner has already contracted and recovered from Covid-19 (Doc. 67). With its response, the Government attached copies of Gardner's medical records. (*See* Doc. 67). The medical records indicate that Gardner currently suffers from type 2 diabetes and asthma (Doc. 67-8, pp. 30-31)

4

which may increase his risk for developing complications as a result of Covid-19.[3] His medical records also indicate that Gardner tested positive for Covid-19 in January 2021, was asymptomatic, and is now considered recovered (Doc. 67-7, pp. 1, 4, 9-10, 12-18, 27).

The Government also argues that Gardner continues to pose a danger to society, and that the sentencing factors continue to support his prison sentence (Doc. 67). The Government asserts that Gardner has an extensive substance abuse history in addition to an extensive criminal history which includes twenty-five convictions ranging in severity and spanning Gardner's adult life (Doc. 67; Doc. 41). Also, with its response, the Government supplied copies of Gardner's inmate discipline data, which show that Gardner was involved in three disciplinary infractions during his imprisonment (Doc. 67-4), despite Gardner's statements to the contrary (Doc. 61).

Gardner does not satisfy any of the factual predicates listed by the Sentencing Commission as constituting "extraordinary and compelling reasons" justifying compassionate release. *See* U.S.S.G. § 1B1.13; *United States v. Gunn*, 980 F.3d 1178, 1181 (7th Cir. 2020) ("The substantive aspects of the Sentencing Commission's analysis in §1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'"). Specifically, Gardner is not suffering from a terminal illness or other condition from which he is not expected to recover, he is under 65 years old, and he does not indicate any death or incapacitation in his immediate family. *See* U.S.S.G. §

---

[3] *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/tions/people-withmedical-conditions.html (last accessed June 15, 2021).

5

1B1.13 (the working definition of extraordinary and compelling reasons includes circumstances surrounding the inmate's medical condition, age, and family situation).

However, in the unusual circumstances of the Covid-19 pandemic, courts have been willing to look beyond the enumerated list of extraordinary and compelling reasons listed by the Sentencing Commission, particularly where underlying medical conditions and other risk factors make defendants particularly susceptible to Covid-19. Here, Gardner does appear to have certain health problems and risk factors which might severely increase his vulnerability to Covid-19. However, Gardner has already contracted Covid-19, was asymptomatic, and now recovered. While there does appear to be at least a theoretical possibility that an individual might contract Covid-19 more than once, present research appears to indicate that it is unlikely. Moreover, Gardner is presently housed at FCI-Greenville. FCI-Greenville currently has no inmates or staff members who have tested positive for Covid-19, while 677 inmates and 78 staff members have contracted and recovered from the virus.[4] The Bureau of Prisons has further implemented a Modified Operations Plan to combat the spread of COVID-19 in all of its facilities.[5]

Finally, the nature of the acts for which Gardner is currently incarcerated and his extensive criminal history lead the Court to conclude Gardner may still constitute a danger to the community and that it cannot justify compassionate release in this case.

---

[4]*Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last accessed June 15, 2021).
[5]*See BOP Modified Operations*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last accessed June 15, 2021).

Specifically, Gardner's incarceration remains necessary to reflect the seriousness of his offense, to promote respect for the law, to provide just punishment, to adequately deter Gardner and others from committing further crimes, and to protect the public.

## Disposition

For the above stated reasons, Defendant's Motion for Compassionate Release (Doc. 61) is **DENIED**.

**SO ORDERED.**

Dated: June 16, 2021

_____
DAVID W. DUGAN
United States District Judge